SUMMARY ORDER
Petitioner-appellant Lawrence Johnson appeals from a judgment of the United States District Court for the Eastern District of New York (Gleeson, J.) dated February 28, 2006, 2006 WL 467952, denying Johnson’s petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2255, and from an order dated May 9, 2006, denying Johnson’s motion to alter or amend the judgment brought pursuant to Fed.R.Civ.P. 59(e). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Johnson was convicted by a jury of, inter alia, (1) conspiring to distribute and to possess with intent to distribute cocaine, cocaine base, and marijuana between 1992 and April 1998, in violation of 21 U.S.C. § 841(a)(1) (“Count One”), and (2) conspiring to distribute and to possess with intent to distribute cocaine, cocaine base, and marijuana within 1000 feet of a school between September 1996 and April 1998, in violation of 21 U.S.C. § 860 (“Count Two”). He received concurrent life sentences for these two convictions. The principal argument underlying Johnson’s appeal is that his conviction on both of the conspiracy counts violates the Double Jeopardy Clause because § 841(a)(1) is a lesser-included offense of § 860. He therefore urges this Court to vacate his conviction on Count One to remedy the *407 constitutional violation. Further, he contends that we should vacate his conviction on Count Two on the ground that it is tainted by prejudicial spillover. The government concedes that the conviction on Count One should be vacated in light of United States v. White, 240 F.3d 127, 133 (2d Cir.2001). It argues, however, that Johnson is entitled to no further relief because he suffered no prejudice as a result of his Count One conviction.
We apply a three-part test to determine whether there was prejudicial spillover from evidence submitted in support of a conviction that subsequently is vacated. We consider whether (1) the evidence “ ‘was of such an inflammatory nature that it would have tended to incite or arouse the jury into convicting the defendant on the remaining counts,’ ” (2) “the dismissed count and the remaining counts were similar,” and (3) “the government’s evidence on the remaining counts was weak or strong.” United States v. Hamilton, 334 F.3d 170, 182 (2d Cir.2003) (quoting United States v. Vebeliunas, 76 F.3d 1283, 1294 (2d Cir. 1996)). “Courts have concluded that where the reversed and the remaining counts arise out of similar facts, and the evidence introduced would have been admissible as to both, the defendant has suffered no prejudice.” United States v. Rooney, 37 F.3d 847, 855 (2d Cir.1994); see also United States v. Wapuick, 60 F.3d 948, 954 (2d Cir.1995) (“In cases where the vacated and remaining counts emanate from similar facts, and the evidence introduced would have been admissible as to both, it is difficult for a defendant to make a showing of prejudicial spillover.”).
Although Johnson contends that his Count Two conviction is tainted by prejudicial spillover, he fails to satisfy any prong of our three-part test. Indeed, the entire premise of Johnson’s Double Jeopardy claim is that § 841(a)(1) is a lesser-ineluded offense of § 860. To support this argument, Johnson characterizes the conspiracies underlying both of his convictions as “the same,”[1] and he concludes that his convictions “were based upon facts arising from the same incident, and were established pursuant to the same evidence.” Appellant’s Br. at 33. It therefore is plain that all of the evidence introduced by the government in this case to secure a conviction on Count One was admissible to secure a conviction on Count Two. Consequently, Johnson has suffered no prejudice.
In light of the government’s concession that Johnson’s Count One conviction should be vacated and the judgment amended, we need not address Johnson’s contentions that he received ineffective assistance of counsel or that the district court improperly denied his Rule 59(e) motion.
Accordingly, for the reasons set forth above, Johnson’s conviction for violating 21 U.S.C. § 841(a)(1) is VACATED, and the matter is REMANDED to the district court for entry of an amended judgment dismissing Count One. In all other respects, Johnson’s judgment of conviction is AFFIRMED.

. Indeed, Johnson recognizes that the government espoused this very position throughout the trial, and he urges us not to allow it “to retreat from such theory now merely because it no longer benefits them." Appellant's Br. at 35.