09-2146-cr
United States v. Hamilton (Johnson)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand and ten.

PRESENT:
> ROGER J. MINER,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.  Docket No.  09-2146-cr

DAVE C. HAMILTON, also known as ANTHONY CHRISTOPHER BROWN, also known as REDEYE, GARTH BRUCE also known as G-MAN, JOHN ANTHONY SIMMONS, CARF FLAHARTY, also known as CARF, ALBERTO FLAHARTY, also known as ENRIQUE, also known as RIQUE, JONNY DAVIS, also known as FATHER DIVINE, GEORGE GENOVESE, also known as SHORTY, TYRONE GRIMES, KAREN SMITH, also known as KAT,

> *Defendants*,

LAWRENCE JOHNSON, also known as BIG L,

> *Defendant-Appellant*.

---

FOR APPELLANT:  RANDA D. MAHER, Great Neck, NY.

FOR APPELLEE:          Celia A. Cohen, Assistant United States Attorneys, of counsel (Charles S. Kleinberg, Emily Berger, Assistant United States Attorneys, on the brief), for Benton Campbell, United States Attorney for the Eastern District of New York.

Appeal from an amended judgment of the United States District Court for the Eastern District of New York (Gleeson, J.), vacating defendant-appellant's conviction for conspiracy to distribute cocaine base from 1992 to April 1998 in violation of 21 U.S.C. § 841(a) and in all other respects affirming Johnson's judgment of conviction.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-appellant Lawrence Johnson appeals from the April 9, 2009 amended judgment of the United States District Court for the Eastern District of New York (Gleeson, J.), which, pursuant to an order of this Court, *Johnson v. United States*, 313 F. App'x 405 (2d Cir. 2009) (summary order), vacated his conviction for conspiracy to distribute cocaine base from 1992 to April 1998 in violation of 21 U.S.C. § 841(a)(1) ("Count One") and in all other respects affirmed Johnson's judgment of conviction. We assume the parties' familiarity with the facts, procedural history, and issues on appeal. For the following reasons, we affirm.

Johnson asks us to vacate his conviction for conspiring to distribute and to possess with intent to distribute cocaine, cocaine base, and marijuana within 1000 feet of a school between September 1996 and April 1998, in violation of 21 U.S.C. § 860 ("Count Two"), arguing that, as a consequence of the vacatur of his conviction for Count One, his conviction for Count Two cannot stand because it was predicated on the jury finding him guilty beyond a reasonable doubt of the conviction that was vacated. We cannot agree.

In our prior decision in this case affirming in part the district court's denial of Johnson's petition pursuant to 28 U.S.C. § 2255, we vacated Johnson's conviction for violation of 21 U.S.C. § 841(a)(1) on the ground that it was a lesser included offense of 21 U.S.C. § 860. *Johnson*, 313 F. App'x at 407 (citing *United States v. White*, 240 F.3d 127, 133 (2d Cir. 2001)). We also found that "[a]lthough Johnson contends that his Count Two conviction is tainted by prejudicial spillover," his argument is without merit. *Id*. In our prior decision in this case affirming the judgment of conviction (decided after our decision in *White*, 240 F.3d 127), we found the evidence presented at trial to be sufficient to uphold Johnson's conviction as to Count Two, as Johnson presented no evidence that he had withdrawn from the narcotics conspiracy. *See United States v. Flaharty*, 295 F.3d 182, 192, 201 (2d Cir. 2002). In addition, we have already rejected Johnson's argument, raised on direct appeal by Johnson's co-defendants and joined in by Johnson, that the district court's supplemental jury instruction was incorrect. *Id*. at 191-92.

We have, therefore, already determined that the district court did not err and that Johnson's claims are without merit. Absent "cogent" and "compelling" reasons that militate otherwise, and which Johnson has failed to provide, we adhere to that decision. *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002); *see also Burrell v. United States*, 467 F.3d 160, 165 n.3 (2d Cir. 2006) ("[W]e may depart from our previous ruling in a case in certain circumstances. We have stated that we will not depart from this sound policy of adhering to our prior ruling in a case absent cogent or compelling reasons. The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or

3

the need to correct a clear error or prevent manifest injustice." (internal quotation marks, alteration, and citation omitted)).

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk