08-4093-cr(L)
USA v. Hamilton (Johnson)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Argued: January 4, 2011                    Decided: January 28, 2011)

Docket Nos. 08-4093-cr (L), 08-5921-cr(CON), 09-1168-cr(CON)

_____

UNITED STATES OF AMERICA,

*Appellee,*

— v.—

LAWRENCE JOHNSON, ALBERTO FLAHARTY, also known as Enrique, also known as Rique,
GARTH BRUCE, also known as G-Man,

*Defendants-Appellants.*

_____

Before:

KEARSE, WINTER, and HALL, *Circuit Judges.*

_____

Lawrence Johnson, Alberto Flaharty, and Garth Bruce appeal from the orders of United

States District Court for the Eastern District of New York (Gleeson, *J.*) denying their motions to

reduce their sentences pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  Because the

weight of the controlled substances attributed to each of them is so great that their respective

sentencing ranges would be the same under the amended Sentencing Guidelines as they were

under the prior Guidelines, Johnson, Flaharty, and Bruce are not eligible for reductions of sentence. Accordingly, the orders of the district court are **AFFIRMED**.

**AFFIRMED**.

_____

RANDA D. MAHER, The Law Offices of Randa D. Maher, Great Neck, NY, *for Defendant-Appellant Lawrence Johnson*.

GREGORY COOPER, New York, NY, *for Defendant-Appellant Alberto Flaharty*.

DONNA R. NEWMAN, Buttermore Newman Delanney & Foltz, New York, NY, *for Defendant-Appellant Garth Bruce*.

TYLER J. SMITH, Assistant United States Attorney, of counsel (Jo Ann Navickas, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

_____

*Per Curiam*:

Lawrence Johnson, Alberto Flaharty, and Garth Bruce (collectively "defendants") appeal from the orders of United States District Court for the Eastern District of New York (Gleeson, *J.*) denying their motions to reduce their sentences pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Because the weight of the controlled substances attributed to each of them is so great that their respective sentencing ranges would be the same under the amended Sentencing Guidelines as they were under the prior Guidelines, the defendants are not eligible for reductions of sentence. Accordingly, the orders of the district court are **AFFIRMED**.

On April 20, 1999, a jury found the defendants and two other individuals guilty of multiple crimes related to their participation in a conspiracy that for many years distributed large quantities of cocaine base ("crack cocaine") in the Far Rockaway section of Queens, New York.

2

The defendants were all convicted of conspiracy to distribute and possess with intent to distribute narcotics within 1,000 feet of a public elementary school in violation of 21 U.S.C. § 846 and 860.[1] For purposes of sentencing on this count, the district court made findings of fact with respect to the amount of crack cocaine sales attributable to the defendants. It found that, as coconspirators, the defendants were each personally responsible for the operation's total sales—between 14.7 kilograms and 26.5 kilograms of crack cocaine per year adding up to a total of around 88 kilograms. In addition, the district court heard testimony at Johnson's sentencing proceeding that he received, in exchange for firearms, over 8 kilograms of crack cocaine, which he subsequently resold in Tennessee and Virginia. Based on those drug quantities, the defendants' criminal histories, and a variety of aggravating and mitigating factors, the district court sentenced Johnson and Bruce principally to life in prison. It gave Flaharty a downward departure, sentencing him principally to a 15-year prison term.

After the United States Sentencing Commission adopted Amendment 706 to the Guidelines Manual—reducing the base offense levels applicable to most crack cocaine offenses, *see* U.S.S.G., Supplement to App. C, Amend. 706 and U.S.S.G., App. C, Amend. 713 (applying Amend. 706 retroactively)—the defendants separately moved pursuant to 18 U.S.C. § 3582(c)(2) to have the district court modify their sentences based on the amended Guidelines.

---

[1] The defendants were also convicted of, *inter alia*, conspiracy to possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Because the government later conceded that this was a lesser-included offense of their section 860 violations, however, the district court vacated Bruce and Johnson's convictions on this count. *See United States v. Flaharty*, 295 F.3d 182, 203-04 (2d Cir. 2000); *Johnson v. United States*, 313 Fed. App'x. 405, 406-07 (2d Cir. 2009) (unpublished opinion).

Section 3582(c)(2) allows a district court to modify a prison sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement associated with Amendment 706 is explicit, however, that "reduction in the defendant's term of imprisonment is *not consistent* with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [Amendment 706] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (emphasis added). In other words, a defendant is eligible to have his sentence modified only if the amended Guidelines provide for a lower sentencing range than did the former Guidelines. We hold that because the defendants' guideline sentencing ranges have not been altered by Amendment 706 to the Guidelines, the defendants are ineligible for reductions of their terms of imprisonment.

The defendants argue that their ranges would be in fact different under the amended Guidelines. Although the defendants all implicitly concede that the base offense level has not changed for crimes involving 4.5 kilograms or more of crack cocaine,[2] they take this opportunity to argue that they either were not or should not have been found responsible for that quantity of drugs. Flaharty asserts that, while he was actually responsible for more than 4.5 kilograms of crack cocaine sales, he was only charged in connection with "more than 1.5 kilograms and less than 4.5 kilograms." He appears to contend that, for the purposes of sentencing, it was improper for the district court to attribute to him an amount of crack cocaine in excess of that charged in

---

[2] The base offense level remains 38 for violations involving 4.5 kilograms of crack cocaine. *Compare* U.S.S.G. § 2D1.1(c)(1) (2010), *with* U.S.S.G. § 2D1.1(c)(1) (2006).

the indictment. Johnson and Bruce both maintain that although the district court found them responsible for more than 1.5 kilograms of crack cocaine, it did not make a specific finding as to how much more. Thus, they argue that no more than 1.5 kilograms should be attributed to them.

In connection with a district court's application of the Guidelines, we review the district court's findings of fact for clear error and its resolution of legal questions *de novo*. *United States v. Vazzano*, 906 F.2d 879, 883 (2d Cir. 1990). The district court's ultimate decision to deny a section 3582(c)(2) motion is reviewed for abuse of discretion. *See, e.g.*, *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).

The district court did not err by sentencing Flaharty on the basis of an amount of crack cocaine in excess of the amount for which he was originally charged with conspiring to distribute. *United States v. Santiago*, 906 F.2d 867, 871 (2d Cir. 1990) ("[Q]uantities of narcotic neither charged in the indictment nor physically seized are 'relevant conduct' for calculation of the base offense level if they were part of the same course of conduct as the counts leading to conviction." (quoting *United States v. Schaper*, 903 F.2d 891, 898 (2d Cir. 1990))).

Johnson's and Bruce's claims also fail. It is well settled that individual defendants are responsible for all reasonably foreseeable quantities of drugs distributed by a conspiracy of which they were members. *United States v. Payne*, 591 F.3d 46, 70 (2d Cir. 2010). Here, the jury found that Johnson and Bruce conspired to distribute narcotics within 1,000 feet of an elementary school, and the district court expressly adopted the findings of their respective pre-sentence reports, which determined that the conspiracy was responsible, over the course of its life, for roughly 88 kilograms of crack cocaine sales. It was appropriate, therefore, for the district court to attribute the 88 kilograms to Johnson and Bruce for the purposes of sentencing.

5

There is no basis in the record to challenge successfully the district court's determination of the quantities of crack cocaine attributable to the defendants for the purposes of calculating their sentencing guideline ranges. Those ranges were not affected by Amendment 706. The district court was correct that neither Flaharty, Johnson, nor Bruce are eligible to have their sentences reduced as a result of that amendment. As the defendants are ineligible as a matter of law for reductions in their sentences, the district court did not abuse its discretion in denying their section 3582(c) motions. The orders are **AFFIRMED**.