11-4450-cr
United States v. Shepard

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand twelve.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          SUSAN L. CARNEY,
                  *Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                  *Appellee*,

            v.                                    No. 11-4450-cr

STEPHANIE SHEPARD, A/K/A Craze, A/K/A Crazy,
                  *Defendant-Appellant*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        JOHN MERINGOLO, Esq., New York, New York.

APPEARING FOR APPELLEE:         JANIS M. ECHENBERG (Andrew L. Fish, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on October 26, 2011, is AFFIRMED.

Stephanie Shepard, who stands convicted after a jury trial of conspiracy to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana, see 21 U.S.C. §§ 841(a)(1), 846, here challenges the denial of her motion for a judgment of acquittal, see Fed. R. Crim. P. 29, on the ground that the trial evidence was insufficient to establish (1) her involvement in the charged conspiracy, or (2) venue in the Southern District of New York. We review de novo the denial of a motion for acquittal, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in its favor. See United States v. Abu-Jihaad, 630 F.3d 102, 134–35 (2d Cir. 2010), cert. denied, 131 S. Ct. 3062 (2011). In doing so, we are mindful that the government was required to prove Shepard's participation in the charged conspiracy beyond a reasonable doubt, see id., but was required to establish venue only by a preponderance of the evidence, see United States v. Rommy, 506 F.3d 108, 119 (2d Cir. 2007). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Participation in the Charged Conspiracy

Shepard's sufficiency challenge to the jury's finding that she participated in the charged conspiracy warrants little discussion. The trial evidence easily established that

Shepard's former boyfriend, David Adams, led a large-scale marijuana trafficking organization that distributed at least 1,000 kilograms of marijuana in the New York metropolitan area in 2008 and 2009. The trial testimony revealed that, in furtherance of the scheme, Shepard and other conspirators independently sold between 40 and 100 pounds of marijuana weekly. Shepard's contention that these figures "must be viewed with several grains of salt," Appellant's Br. 21, is an argument appropriately addressed to a jury, which we must assume resolved it favorably to the prosecution, see United States v. Abu-Jihaad, 630 F.3d at 134; see also United States v. Johnson, 633 F.3d 116, 118 (2d Cir.) (per curiam) (reiterating that "defendants are responsible for all reasonably foreseeable quantities of drugs distributed by a conspiracy of which they were members"), cert. denied, 131 S. Ct. 2980 (2011).

Co-conspirators testified that they personally delivered marijuana to Shepard in exchange for proceeds of at least $50,000 to be transmitted from her to Adams. Further, records of a prepaid cellular telephone, registered in Shepard's name, indicated her use of that device to communicate with Adams regarding drug transactions. Shepard's nickname, "Crazy," appeared in a ledger of drug transactions kept by Adams. Moreover, evidence of amounts Shepard paid in cash for rent and various luxury items far exceeded her declared income of $15,000 per year.

Although Shepard challenges the persuasiveness of this evidence, we are required to assume that the jury "resolved all questions of witness credibility and competing inferences in favor of the prosecution." United States v. Abu-Jihaad, 630 F.3d at 134; see also United

3

States v. Truman, 688 F.3d 129, 140 (2d Cir. 2012) (holding that cooperator status and history of drug use did not render witness's "testimony incredible as a matter of law").

Accordingly, we reject Shepard's sufficiency challenge as without merit.

2. Venue

Shepard submits that she could not be prosecuted in the Southern District of New York for a conspiracy based in Brooklyn and Queens because the evidence failed to show that she ever personally traveled to the Southern District in furtherance of the charged conspiracy or that any such travel by a co-conspirator was reasonably foreseeable to her. The argument fails.

Because "[c]onspiracy is a continuing offense," United States v. Payne, 591 F.3d 46, 69 (2d Cir. 2010), it may be prosecuted "in any district in which [it] was begun, continued, or completed," 18 U.S.C. § 3237(a); see U.S. Const. art. III, § 2, cl. 3; id. amend. VI; Fed. R. Crim. P. 18. Thus, venue for a conspiracy charge properly lies "in any district in which an overt act in furtherance of the conspiracy was committed." United States v. Tzolov, 642 F.3d 314, 319–20 (2d Cir. 2011) (internal quotation marks omitted); see also United States v. Royer, 549 F.3d 886, 896 (2d Cir. 2008). Indeed, proof of such activity in a district "by any of the coconspirators" will support venue there as to all of them. United States v. Ramirez-Amaya, 812 F.2d 813, 816 (2d Cir. 1987).

Here, the record evidence shows that on December 2, 2009, members of the conspiracy—including its ringleader, Adams—transported nearly 150 kilograms of marijuana destined for Brooklyn into Manhattan because they feared that they were being trailed by

4

police or robbers. This foray into Manhattan to avoid detection or conflict—and, thus, to continue the conspiracy—is sufficient to support venue in the Southern District. See United States v. Tzolov, 642 F.3d at 320 (stating that venue may be grounded in any act that is "performed by any conspirator for the purpose of accomplishing the objectives of the conspiracy").

Second, co-conspirators Kelly Campbell and David Montero testified that they frequently drove to New Jersey to pick up marijuana that they would then bring back to Brooklyn. This testimony further supports venue in the Southern District, even without evidence regarding the specific routes traversed, because any local juror could reasonably infer that the conspirators necessarily hauled their contraband back to Brooklyn via Manhattan, the Bronx, or the Verrazano Narrows. See United States v. Ramirez-Amaya, 812 F.2d at 816 (holding flight of contraband "over the Narrows, a body of water that lies within the joint jurisdiction of the Southern and Eastern Districts of New York," sufficient to confer venue in Southern District); see also United States v. Tzolov, 642 F.3d at 320 ("[V]enue for a conspiracy may be laid in a district through which conspirators passed in order to commit the underlying offense.")

Campbell also testified that, during the summer of 2008, he traveled from Brooklyn to Manhattan on at least one occasion to deliver marijuana for Adams. Campbell's failure to recount every detail of this delivery with precision does not undermine his clear testimony that he entered the Southern District to consummate a transaction in furtherance of the conspiracy. See United States v. Truman, 688 F.3d at 139 (reaffirming that, in context of

5

sufficiency review, cooperating witness's testimony, even if incomplete, must be viewed in light most favorable to government). Nor does it matter that Shepard herself did not begin selling drugs for the conspiracy until 2009. See United States v. Blackmon, 839 F.2d 900, 911 (2d Cir. 1988) ("[A] coconspirator is liable for acts committed in furtherance of the conspiracy prior to his entry into the conspiracy.").

Insofar as Shepard submits that these acts in the Southern District were not reasonably foreseeable to her and, therefore, cannot support venue, we are not persuaded. See generally United States v. Rommy, 506 F.3d at 122 (requiring some sense that defendant chose venue). The proximity of the conspiracy's Brooklyn-Queens base of operation to parts of the Southern District of New York, as well as the need to traverse that district in procuring marijuana from New Jersey, permitted a reasonable jury to make a preponderance finding that the aforementioned acts' occurrence in the Southern District was reasonably foreseeable to Shepard. See United States v. Davis, 689 F.3d 179, 188–89 (2d Cir. 2012) (holding proximity of targeted Long Island residence to Southern District of New York, combined with co-conspirators' prior robberies in Bronx, to support venue in Southern District based on foreseeability that robbery target dealt drugs there).

Because we hold the evidence already discussed sufficient to support venue in the Southern District of New York, we need not reach the government's argument that venue is further supported by text messages from Shepard received by Adams in Manhattan on the date of his arrest.

3.    Conclusion

We have considered Shepard's other arguments and conclude that they are without

merit.  The judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court