12-3682-cr
United States v. Ford

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand thirteen.

PRESENT:  REENA RAGGI,
          SUSAN L. CARNEY,
               *Circuit Judges*,
          JED S. RAKOFF,
               *District Judge*.[*]

-----------------------------------------------------------------------
UNITED STATES,
               *Appellee*,

          v.                                          No. 12-3682-cr

NATHANIEL FORD, a/k/a Black,
               *Defendant-Appellant,*

QUINTON SMITH, a/k/a Q.U.,
               *Defendant*.[**]

-----------------------------------------------------------------------

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption as shown above.

FOR APPELLANT:                          Lawrence Gerzog, Esq., New York, New York.

FOR APPELLEE:                           David M. Bitkower, Emily Berger, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the August 27, 2012 order of the district court is AFFIRMED.

Defendant Nathaniel Ford, who is serving a 210-month sentence for various offenses involving the possession and distribution of firearms and crack cocaine, see 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. §§ 371, 922(a)(1)(A), (g), now appeals from the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's 2011 reduction in the crack Guidelines, compare U.S.S.G. § 2D1.1(c) (2008) with id. § 2D1.1(c) (2011).

We review a district court's decision to deny a motion under § 3582(c)(2) for abuse of discretion, see United States v. Johnson, 633 F.3d 116, 118 (2d Cir. 2011), except inasmuch as it turns on an issue of statutory or Guidelines construction, in which respect we review the denial de novo, see United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Denying § 3582 Relief Without a Hearing

Ford contends that the district court erred in finding that he trafficked at least 112 grams of crack cocaine without holding a hearing. It is well settled, however, that "a district court need not hold an evidentiary hearing to resolve sentencing disputes, as long as the defendant is afforded some opportunity to rebut the Government's allegations." United States v. Broxmeyer, 699 F.3d 265, 280 (2d Cir. 2012) (internal quotation marks omitted). That conclusion applies with all the more force here because a § 3582(c)(2) proceeding is not a "full resentencing." U.S.S.G. § 1B1.10(a)(3); see Fed. R. Crim. P. 43(b)(4) (providing that defendant need not be present for § 3582(c) proceeding). Ford had an opportunity to challenge drug quantity and made use of it, submitting a memorandum to the district court before it ruled on his § 3582(c)(2) motion.

Guidelines § 6A1.3 warrants no different conclusion. That section applies by its terms to sentencing proceedings, not to proceedings under § 3582(c)(2). See U.S.S.G. § 6A1.3 (requiring that parties be given "adequate opportunity to present information" on reasonably disputed factors important to sentencing determination). Moreover, even in such circumstances, § 6A1.3 does not guarantee a hearing; it requires only an "opportunity to present information." Id. cmt. ("Written statements of counsel or affidavits of witnesses may be adequate under many circumstances.").

Accordingly, in light of the ample evidence—mostly adduced at trial—supporting a drug quantity determination of at least 112 grams of crack, and defendant's opportunity to

be heard, we identify no due process or Guidelines error in the failure to conduct an evidentiary hearing before denying a § 3582(c)(2) reduction.

2.      The District Court Did Not Abuse Its Discretion in Denying § 3582 Relief

Ford argues that the district court abused its discretion in finding him ineligible for § 3582 relief, maintaining that the 2011 crack amendment reduced his applicable Guidelines range.  Cf. U.S.S.G. § 1B1.10(a)(2)(B) (stating that no § 3582(c)(2) reduction is authorized where amendment does not lower applicable Guidelines range).  This argument is without merit.  Even where § 1B1.10(a)(2)(B) does not bar relief, § 1B1.10(b)(2)(A) states that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range," except in circumstances not present here.  Finding Ford to have trafficked in at least 112 grams of crack cocaine, the district court correctly calculated his amended Guidelines range as 210 to 262 months.  Because Ford's 210-month sentence falls at the low end of this amended range, the district court correctly determined that § 1B1.10(b)(2)(A) prevented it from reducing sentence under § 3582.

3.      Constitutionality of § 1B1.10

Ford argues that amended § 1B1.10(b)(2) is unconstitutional because it erects a sentencing bar that "seeks to accomplish through the 'back door' that which is prohibited by Booker—mandatory application of the guidelines." Appellant's Br. 19.  Because Ford raises

4

this argument for the first time on appeal, we review only for plain error, which is not evident here. See United States v. Cotton, 535 U.S. 625, 631 (2002).

In Dillon v. United States, the Supreme Court ruled that a defendant's "Sixth Amendment rights were not violated by the district court's adherence to the instruction in § 1B1.10 to consider a reduction only within the amended Guidelines range," 130 S. Ct. 2683, 2692 (2010); accord United States v. Johnson, 717 F.3d 131, 136 (2d Cir. 2013) (citing Dillon for proposition that "Sixth Amendment concerns identified in Booker do not apply" to sentence reduction proceedings under 18 U.S.C. § 3582(c)(2)); United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010).

Ford attempts to distinguish Dillon on the ground that, at the time that decision was rendered, § 1B1.10(b)(2) permitted a district court, under circumstances where the original term of imprisonment had been a below-Guidelines sentence, to grant a § 3582(c)(2) reduction "comparably" below the Guidelines range, U.S.S.G. § 1B1.10(b)(2)(B) (2009), an exception that the Commission all but eliminated in 2011. See United States v. Johnson,717 F.3d at 137 n.6 (noting revision). Ford contends that amended § 1B1.10(b)(2) raises separation-of-powers concerns not addressed in Dillon. We recently rejected that contention in United States v. Johnson, id. at 138 ("The argument that promulgation of the 2011 amendment to § 1B1.10 indicates the Commission has engaged in unbridled and constitutionally invalid legislative authority by enacting that policy statement is ultimately unavailing."). We therefore identify no constitutional error, let alone plain error, in the

5

district court's denial of Ford's motion, see United States v. Olano, 507 U.S. 725, 734 (1993). Accordingly, we decline to vacate sentence on this ground.

4.      Conclusion

We have considered Ford's remaining arguments on appeal and conclude that they are without merit. Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court