**UNITED STATES of America,**

v.

**Jose Bernardino PARRADO, Defendant.**

**No. 92–CR–359 (ADS).**

United States District Court, E.D. New York.

Signed April 2, 2014.

---

**162.** *See* 20 C.F.R. § 416.927(c)(3)-(4).

**163.** Tr. 19 [# 8–2].

**164.** Tr. 491 [# 8–8].

**165.** *See* Tr. 493 [# 8–8].

**166.** Tr. 474–90 [# 8–8].

Loretta A. Lynch, United States Attorney for the Eastern District of New York, by: Charles N. Rose, Assistant United States Attorney, Central Islip, N.Y., for United States of America.

Jose Bernardino Parrado, Post TX, pro se.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion by the Defendant Jose Bernardino Parrado (the "Defendant"), *pro se*, for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the Court finds that the Defendant is ineligible for a sentence reduction and therefore his motion is denied.

## I. BACKGROUND

On June 30, 1994, following a jury trial, the Defendant was convicted of six counts of a twelve-count indictment, including one count of conspiracy to distribute and possess 1,035 kilograms of cocaine with the intent to distribute in violation of 21 U.S.C.

§§ 846, 841(b)(1)(B) ("Count One"). Based on his conviction on that count under the United States Sentencing Guidelines Manual (the "Sentencing Guidelines"), the Defendant faced a base offense level of 40, with a two-point enhancement for acting in a supervisory capacity, resulting in an adjusted offense level of 42.

In this regard, the August 26, 1994 Pre–Sentence Report ("PSR") filed by the United States Probation Department noted that with respect to Count One, the Sentencing Guidelines for a 21 U.S.C. § 846 offense was 2D1.1(a)(3), which at the time provided that offenses involving at least 500 kilograms but less than 1500 kilograms of cocaine had a base offense level of 40. As such, the PSR reported that the base offense level was 40 in the Defendant's case, because the offense he was convicted of involved 1,035 kilograms of cocaine. Further, the PSR indicated that there needed to be an adjustment for the Defendant's role in the offense; specifically, since the Defendant acted in a supervisory capacity, 2 levels needed to be added pursuant to Sentencing Guideline 3B1.1(c), resulting in a total offense level of 42. In addition, having no other previous criminal convictions, the Defendant fell within Criminal History Category I.

Accordingly, based on the total offense level of 42 and a Criminal History of Category I, the Sentencing Guidelines imprisonment range was 360 months to life. Nevertheless, because the maximum statutory term on Count One was 40 years (480 months), the restricted Sentencing Guidelines imprisonment range was 350 to 480 months.

However, the PSR advised, in relevant part, as follows:

According to information from the [United States] Sentencing Commission, there is a proposed amendment to the

[Sentencing] Guidelines [ ] effective November 1, 1994 that will limit the maximum base offense level for certain narcotics cases. Under this proposal, the maximum base offense level for narcotics cases under Guideline 2D1.1(a) will be capped at level 38. As noted in [ ] this report, the base offense level for Count [One] is now level 40. Whereas, if the amendment is enacted, this level would be level 38. This issue could be considered for possible downward departure under the provisions of Policy Statement 5K2.0. Using the proposed amendment as guidance, the following represents the possible overall guideline modifications if the Court were to downwardly depart by 2 levels, with all other factors being equal:

> Total Offense Level: 40
>
> Guideline Imprisonment Range: 292 to 365 months

No other factors are affected.

(PSR, ¶ 85.) On November 1, 1994, the amendment discussed in the PSR went into effect, thereby limiting the maximum base offense level for narcotic cases under Sentencing Guideline 2D1.1(a) to 38 (the "1994 amendment").

Approximately three months later, on February 1, 1995, the Court sentenced the Defendant. In this regard, the Court considered, among other items, the PSR, which included the recommendation that the Court consider the 1994 amendment to the Sentencing Guidelines mentioned above. Accordingly, in alignment with the 1994 amendment, the Court held that the total offense level for sentencing purposes in the Defendant's case was 40—that is, the Court applied a base offense level of 38 with 2 levels added because the Defendant was found to have acted in a supervisory capacity. In this way, the total offense level for the Defendant was reduced from the pre–1994 amendment total offense lev-

el of 42. Based on a total offense level of 40, the Court noted that the resulting Sentencing Guidelines range was 292 to 365 months. As such, the Court sentenced the Defendant to concurrent 292–month prison terms on the six counts of conviction, which included Count One.

The Defendant appealed his conviction and sentence, but his appeal was denied by the Second Circuit on all grounds. *United States v. Parrado,* 99 F.3d 402 (2d Cir. 1995).

## II. DISCUSSION

### A. Legal Standard

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Cortorreal v. United States,* 486 F.3d 742, 744 (2d Cir.2007). However, Congress has allowed an exception to that rule, providing in 18 U.S.C. § 3582(c)(2) that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission pursuant to 28 U.S.C. 994(o ), ... the court' may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The policy statement governing § 3582(c) proceedings is located in § 1B1.10 of the Sentencing Guidelines, and, effective November 1, 2011, gives retroactive effect to the Guidelines Amendments. *See* § 1B1.10(c).

In *Dillon v. United States,* 560 U.S. 817, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010), the United States Supreme Court identified a two step-inquiry for courts to follow in

adjudicating a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). At the first step, a court must determine whether the defendant is eligible for a sentence reduction. *Dillon,* 560 U.S. at 827, 130 S.Ct. 2683. If, and only if, the court finds that the defendant is eligible for a sentence reduction under § 3582(c) and § 1B1.10, "then the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Mock,* 612 F.3d 133, 137 (2d Cir.2010) (quoting *Dillon,* 560 U.S. at 827, 130 S.Ct. 2683).

In order for a defendant to be eligible for a sentence reduction, the defendant's applicable guideline range must have been lowered by the Guidelines Amendment. *See* § 1B1.10(a)(1); *see also United States v. Johnson,* 633 F.3d 116, 117 (2d Cir. 2011). Whether a defendant's guideline range would be lowered under the Guidelines Amendment requires a court to "determine the amended guideline range that would have been applicable to the defendant if the [applicable Sentencing Guidelines amendment] had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). "In making such determination, the court shall substitute only the [Sentencing Guidelines amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* Application Note 1 to § 1B1.10 further clarifies that the applicable Sentencing Guidelines range referenced in § 1B1.10 is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before any departure provision in the [Sentencing] Guidelines [ ] or any variance." § 1B1.10 Application Note 1(A).

## B. As to Whether the Defendant is Eligible for a Sentence Reduction

Effective November 1, 1994, the United States Sentencing Commission ("Sentencing Commission") approved the 1994 amendment which altered the base offense levels in § 2D1.1(a) of the United States Sentencing Guidelines from 40 to 38. In addition, the Sentencing Commission gave the 1994 amendment retroactive application. Relying on this amendment, the Defendant now seeks a reduction in his sentence.

However, the Defendant fails to recognize that at the time of sentencing, the Court did consider the 1994 amendment and applied it to the Defendant's case. In other words, the Defendant is not eligible for any further sentence reduction, as he has already received the reduction he now seeks at the February 1, 1995 sentencing hearing. Therefore, the Defendant's request is without merit.

To the extent the Defendant contends in his reply that a reduction is required because the Court applied a total offense level of 40 instead of 38, the Defendant's argument is unavailing. This is because the Defendant conflates the base offense level with the total offense level. However, the 1994 amendment reduced the base offense levels from 40 to 38, but did not limit the total offense level that could be utilized. In this case, the Court applied a base offense level of 38, in compliance with the Sentencing Guidelines, including the 1994 amendment. The Court then added two levels because the Plaintiff had acted in a supervisory capacity, giving him a total offense level of 40. Accordingly, the Defendant is not eligible for any additional

reductions to his sentence. *See, e.g., Carter v. United States*, 91 CR. 586 RPP, 1999 WL 228407, at *3 (S.D.N.Y. Apr. 19, 1999) ("[The defendant] asserts that the November 1, 1994 amendment to the Drug Table is applicable to him and that his sentence should be reduced from a Base Offense Level of 43 to 38 accordingly. However, ... the Court ... utilized a Base Offense Level of 38 and then added three levels for [the defendant's] supervisory role and two levels for his use of firearms in connection with the offense. Thus, [the defendant's] Total Offense Level, not his Base Offense Level, was calculated at 43.... For [this] [ ] reason[ ], the Sentencing Guidelines were not applied incorrectly in this case.").

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED,** that the Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied.

**SO ORDERED.**