16-3449
United States v. Alvarez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO
A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS
GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S
LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH
THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY
CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT
REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for
the Second Circuit, held at the Thurgood Marshall United States
Courthouse, 40 Foley Square, in the City of New York, on the
6th day of December, two thousand seventeen.

PRESENT:
        DENNIS JACOBS,
        REENA RAGGI,
        CHRISTOPHER F. DRONEY,
            Circuit Judges.
_____

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                        16-3449

FERNANDO ALVAREZ,
        Defendant-Appellant,

RICARDO MELENDEZ, also known as
RICKY, GERALDO VEGA, MANUEL
CONCEPCION, also known as M.C.,
also known as MANNY C., also known
as MANNY CONCEPCION, also known as
MANNY C.CONCEPCION, also known as

1

**M. CONCEPCION, JUAN RIVERA, ARTURO CORDOZA, KENNETH COLON, JAVIER RIVERA, VICTOR JIMINEZ, MARIANO DEGRACIA, ROBERT ORTIZ, OSCAR ROSA,VICTOR SPAVENTA, WARREN NADEL, TRENT DALEY, DAVID OLMEDA, FELIX OYOLE, ADAM POMALES, ISRAEL ORTIZ, NELSON FRIAS, VINCENT HERNANDEZ, VINCENT LOPEZ,ROBERTO APONTE, RICARDO ALVAREZ, EDUARDO HAMILTON, NELIA LOPEZ, EDWIN MALDONADO, JULIA SERRANO, JULIA RIVERA, ANTHONY GUZMAN, WILFREDO GONZALEZ, JAMES RUPERTO, MARC RAMIREZ, RODRIGUEZ RODRIGUEZ, EDGAR RIVERA, ANIBAL IRIZZARI, ARMANDO VELASQUEZ, RALPH BOYCE, RICARDO ORTIZ, HECTOR HERNANDEZ,**
        **Defendants.**

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Joseph J. Ferrante, Keahon, Fleischer & Ferrante, Hauppauge, NY. |
| **FOR APPELLEE:** | Erin E. Argo and Susan Corkery, Assistant United States Attorneys, for Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Spatt, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Fernando Alvarez, who was sentenced in 1991 for several narcotics-related offenses, appeals from an order of the United States District Court for the Eastern District of New York

2

(Spatt, J.) denying his motion for a sentence reduction on the ground that he is ineligible for a reduction as a matter of law. On de novo review, we affirm. See United States v. Main, 579 F.3d 200, 202-03 (2d Cir. 2009). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A defendant is eligible for a sentence reduction if he was sentenced pursuant to a Guidelines Sentencing Range ("GSR") that has since been lowered by an amendment to the Guidelines. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10; see also Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) (per curiam). Alvarez asserts that he is eligible for a sentence reduction in light of Amendment 782 to the Guidelines, which, on November 1, 2014, lowered the Base Offense Level ("BOL") applicable to certain narcotics-related offenses. See U.S.S.G. App. C, amend. 782 (2014).

However, as the district court recognized, Amendment 782 actually *raised* the BOL applicable to Alvarez's offenses, given that those offenses were found at his original sentencing proceeding to involve at least 300 kilograms of heroin. See U.S.S.G. § 2D1.1(c)(1) (reflecting a BOL that is higher post-amendment for offenses involving 90 or more kilograms of heroin). As a result, Alvarez's GSR was not lowered by the amended Guidelines, and he is therefore ineligible for a sentence reduction. See United States v. Johnson, 633 F.3d 116, 117 (2d Cir. 2011) (per curiam).

Alvarez claims that there was no finding at his original sentencing proceeding as to the quantity of drugs involved in his offenses and that the district court was therefore required to make such a finding in order to determine the effect of Amendment 782 on his GSR. However, the court stated at Alvarez's 1991 sentencing hearing that it was relying on the findings in the Presentence Report ("PSR"), which concluded that Alvarez's offenses involved at least 300 kilograms of heroin; when the court asked Alvarez's counsel if there were any errors in the PSR, counsel responded that "there [were] no errors"; finally, the court stated that, to the extent Alvarez objected to the PSR's drug-quantity finding (in a letter

3

submitted in advance of the hearing), the court "decline[d] to in any way alter" that finding.  App'x at 90-93.

Alvarez's claim that the sentencing court made no drug-quantity finding is therefore belied by the record, which reflects the 300-kilogram finding cited by the district court's ruling on Alvarez's motion.  Finally, in determining whether Amendment 782 lowered the GSR applicable to Alvarez, the district court was prohibited from "mak[ing] findings inconsistent with that of the original sentencing court." United States v. Rios, 765 F.3d 133, 138 (2d Cir. 2014) (citation omitted).

We have considered Alvarez's remaining arguments and find them to be without merit.  For the foregoing reasons, Alvarez, who is currently serving multiple concurrent life sentences, fewer than all of which are at issue in the motion underlying this appeal, is ineligible for the sentence reduction he seeks. We **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4